UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

_____
                              )
**POM WONDERFUL LLC,**        )
                              )
    **Plaintiff,**   )
                              )
    v.               )   Civil Action No. 10-1539 (RWR)
                              )
**THE FEDERAL TRADE**         )
**COMMISSION,**               )
                              )
    **Defendant.**   )
_____)

### MEMORANDUM OPINION

Plaintiff POM Wonderful LLC ("POM"), the largest processor and distributor of pomegranate products in the United States, brings an action against the Federal Trade Commission ("FTC") under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaratory judgment that the FTC's allegedly new rule governing disease claims in food advertising exceeds the FTC's statutory authority, violates POM's rights under the First and Fifth Amendments of the U.S. Constitution, violates the rulemaking procedures of the FTC and the Administrative Procedure Act ("APA"), and is arbitrary and capricious.  The FTC has moved under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the complaint, arguing that the case is moot, POM lacks standing to bring a declaratory judgment action, POM is attempting to preclude an enforcement action, and POM fails to state a claim upon which relief can be granted.  The FTC further

argues that the court should decline to exercise jurisdiction to hear this declaratory judgment action. Because circumstances weigh in favor of the court declining to exercise its discretionary jurisdiction under the Declaratory Judgment Act, the case will be dismissed.

BACKGROUND

In July 2010, the FTC entered written agreements with two companies whose advertisements overstated their products' effect on disease prevention, mitigation, and treatment. See Stipulated Final J. and Order for Permanent Inj. and Other Equitable Relief, FTC v. Iovate Health Scis. USA, Inc., et al. ("Iovate"), No. 10-cv-587 (W.D.N.Y. July 29, 2010); Agreement Containing Consent Order, In the Matter of Nestlé HealthCare Nutrition, Inc. ("Nestlé"), No. 092-3087 (F.T.C. July 14, 2010). Both agreements required the companies to root their future health claims in "competent and reliable scientific evidence . . . consist[ing] of at least two adequate and well-controlled human clinical studies of the [product.]" See Iovate at 7; Nestlé at 4. (See also Compl. ¶¶ 6, 28.) The Nestlé agreement also provided that all disease-based representations be pre-approved by the Food and Drug Administration ("FDA"). Nestlé at 3. (See also Compl. ¶ 27.)

According to POM, these new standards departed from "over twenty . . . years of FTC food advertising rules and regulations[.]" (Compl. ¶¶ 5, 25; see also id. ¶ 28.) POM

- 3 -

alleged that the FTC had never before "requir[ed] prior FDA approval" irrespective of whether the claims "are true or supported by competent, reliable scientific evidence[.]"  (Id. ¶ 25(2).)  Neither had the FTC earlier implemented a heightened standard for scientific studies.  (Id. ¶ 25(1).)  Rather than codifying the new requirements in formal regulations, the FTC allegedly expressed its intention to "universally apply[]" them against the food and dietary supplement industry as an enforcement mechanism for deceptive advertising.  (Compl. ¶¶ 5, 23-24.)  POM alleges that the requirements do not merely "interpret[] . . . present standards or rules."  (Id. ¶ 25(1).)  Instead, they "constitute a final agency action within the meaning of" the APA.  (Id. ¶¶ 35, 42, 48, 54.)

POM alleges that by adopting these new rules, the FTC violated statutory and constitutional law.  Thus, POM seeks declaratory judgment that the FTC exceeded its statutory authority under Sections 5[1] and 12[2] of the FTC Act by encroaching

---

[1] "The FTCA prohibits '[u]nfair methods of competition' and 'unfair or deceptive acts or practices in or affecting commerce.'"  United States v. Philip Morris Inc., 263 F. Supp. 2d 72, 78 (D.D.C. 2003) (quoting 15 U.S.C. § 45(a) ("Section 5")).  "False or deceptive advertising falls within the proscription of Section 5."  Id. (quoting Giant Food, Inc. v. FTC, 322 F.2d 977, 981 (D.C. Cir. 1963)).

[2] "Section 12 of the FTCA, 15 U.S.C. § 52, bans false advertising, defined as an advertisement which is 'misleading in a material respect.'"  Career Coll. Ass'n v. Duncan, 796 F. Supp. 2d 108, 127 n.9 (D.D.C. 2011) (quoting 15 U.S.C. § 55(a)(1)).  "[A]n advertisement is false if it fails to disclose sufficient facts to counter any false assumptions created by the advertisement."  Id. (internal quotation marks and citation omitted).

upon the FDA's authority, see 15 U.S.C. §§ 45, 52, violated the First and Fifth Amendments of the United States Constitution by chilling free speech without due process, violated the FTC's rulemaking procedures under Section 18 of the FTC Act,[3] 15 U.S.C. § 57a, violated Section 553 of the APA, and adopted a rule that is arbitrary capricious.[4]  (Compl. ¶¶ 8, 12, 29, 51-53.)

On September 27, 2010, approximately two weeks after POM filed the instant case, the FTC filed against POM an administrative complaint alleging that "POM's practices in promoting pomegranate juice and pills constitute unfair or deceptive acts or practices and false advertising in violation of sections 5(a) and 12 of the FTC Act[.]"  (Def.'s Mem. in Supp. of Mot. to Dismiss by FTC ("Def.'s Mem.") to Dismiss at 5.)[5]  In the

---

[3] The FTC's rulemaking process includes four steps.  The agency "must first publish a notice of proposed rulemaking stating with particularity the reasons for the proposed rule and inviting interested persons to submit written data, views, and arguments." Ass'n of Nat'l Advertisers, Inc. v. FTC, 617 F.2d 611, 614 (D.C. Cir. 1979) (citing 15 U.S.C. § 57a(b)).  Next, the FTC "conduct[s] an informal hearing at which any interested person can present his position[.]"  Id. (citing 15 U.S.C. § 57a(c)). "If the Commission determines that it must resolve disputed issues of material fact necessary to fair decisionmaking on the record as a whole, . . . interested persons [may] offer . . . rebuttal submissions" or conduct "cross-examination of witnesses as . . . appropriate and necessary[.]"  Id. (citing 15 U.S.C. § 57a(c)).  Any promulgated rule is ripe for judicial review. Id.

[4] "Judicial review of an administrative agency's decision is authorized by the APA."  Mueller v. England, 404 F. Supp. 2d 51, 55 (D.D.C. 2005) (citing 5 U.S.C. §§ 701-706)).  "Under the APA, this Court may only set aside agency action that is 'arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.'"  Id. (citing 5 U.S.C. § 706(2)(A)).

[5] The FTC alleges that POM was aware of the impending administrative action at the time POM filed the instant

- 5 -

enforcement action, the FTC is seeking an order that would forbid POM from making certain claims about the health benefits of its products unless "the representation is non-misleading" and the FDA has approved the claims. (Compl. at 21-22, <u>In the Matter of POM Wonderful, et al.</u>, No. 9344 (F.T.C. Sept. 27, 2010).) The proposed order would also limit the representations that POM can make about its products and establish substantial future oversight by the FTC. (<u>Id.</u> at 22-25.)

In POM's answer to the FTC's complaint, it asserted a number of affirmative defenses. POM argued that "[t]he FTC lacks authority to impose all or part of the relief sought under the FTC Act, the Administrative Procedure Act, and the First and Fifth Amendments of the U.S. Constitution." (Answer at 7, <u>In the Matter of POM Wonderful, et al.</u>, No. 9344 (F.T.C. Oct. 18, 2010).) It also alleged that the FTC has taken a new position in the enforcement action against it "without adequate notice to the public." (<u>Id.</u>)

The FTC moves to dismiss this action, in part, because this court should exercise its discretion to decline to entertain POM's declaratory judgment action. (Def.'s Mem. at 10.) Relying on <u>Swish Marketing, Inc. v. FTC</u>, 669 F. Supp. 2d 72 (D.D.C. 2009), the FTC argues that declaratory relief is not proper because a declaratory judgment would not fully resolve the controversy between the parties, POM's claims raised in this complaint. (<u>See</u> Def.'s Mem. at 5.)

complaint can be raised in the pending administrative action, and POM's complaint anticipates defenses. (Id.) POM counters that Swish should be distinguished because the plaintiff in Swish was atypical in that it had "already agreed to stop its allegedly unlawful conduct. Thus, the plaintiff's liability to the defendant as to future damages if any . . . [had] now been frozen, so a prompt and speedy adjudication of [the plaintiff's] rights in order to protect it from acting at its peril or avoiding damages in the future [was] unnecessary," Swish Mktg., 669 F. Supp. 2d at 77 (internal citations and quotation marks omitted). (Pl.'s Mem. of P. & A. in Opp'n to Def. FTC's Mot. to Dismiss at *9.) POM also asserts that its complaint does not attempt to adjudicate anticipatory defenses; instead, it "seeks only to adjudicate whether the FTC is improperly applying a 'new standard.'" (Id.)

## DISCUSSION

The Declaratory Judgment Act allows district courts to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. However, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995); see also Hanes Corp. v. Millard, 531 F.2d 585, 591 (D.C. Cir. 1976), superseded by statute on other grounds, 35 U.S.C.

- 7 -

§ 294, <u>as recognized in</u> <u>Nat'l R.R. Passenger Corp. v. Consol. Rail Corp.</u>, 892 F.2d 1066, 1072 (D.C. Cir. 1990).

"There are no dispositive factors" a district court should consider in determining whether it should entertain an action brought under the Declaratory Judgment Act.  <u>See</u> <u>Comm. on Judiciary v. Miers</u>, 558 F. Supp. 2d 53, 95 (D.D.C. 2008). However, the D.C. Circuit has found to be useful considerations:

> whether [declaratory relief] would finally settle the controversy between the parties; whether other remedies are available or other proceedings pending; the convenience of the parties; the equity of the conduct of the declaratory judgment plaintiff; prevention of 'procedural fencing'; the state of the record; the degree of adverseness between the parties; and the public importance of the question to be decided.

<u>Hanes</u>, 531 F.2d at 592 n.4; <u>see also</u> <u>Swish Mktg</u>, 669 F. Supp. 2d at 76–77 (D.D.C. 2009).

The balance of the relevant factors counsels against exercising jurisdiction over this action.  Generally, in the interest of judicial efficiency, courts decline to hear declaratory judgment actions that would not fully resolve the parties' claims.  <u>See</u> <u>Roth v. D.C. Courts</u>, 160 F. Supp. 2d 104, 110 (D.D.C. 2001).  Here, if the court resolved the issues POM raised in its declaratory judgment action, the parties would still have to litigate whether POM's health claims about its products were false, misleading, and unsubstantiated in violation of the FTC Act.

In addition, other overlapping proceedings are pending.  The FTC filed an administrative complaint against POM two weeks after POM filed its complaint for declaratory relief.  While the administrative proceeding is not identical to POM's current action, that forum is "perfectly capable" of determining whether the proposed order exceeds the bounds of the FTC Act, violates the First and Fifth Amendments, and seeks to abrogate the FDA's power.  See Patton Boggs, LLP v. Chevron Corp., 791 F. Supp. 2d 13, 25 (D.D.C. 2011).  POM can raise and has raised in the FTC's parallel enforcement action several of the same arguments that it is pursuing in this action.  The enforcement action may not fully resolve POM's claims that the FTC has violated the APA and its own rulemaking procedures in adopting a new standard in the Nestlé and Iovate consent orders and that its "new rule" is arbitrary and capricious, but POM will have a full opportunity to challenge any FTC final action against it upon the conclusion of the administrative action with a fully developed administrative record available.

Another factor that weighs against exercising jurisdiction is when "granting declaratory relief would require the resolution of an anticipatory defense[.]"  Swish Mktg., 669 F. Supp. 2d at 79 (citing BASF Corp. v. Symington, 50 F.3d 555, 559 (8th Cir. 1995) ("[W]here a declaratory plaintiff raises chiefly an affirmative defense, and it appears that granting relief could effectively deny an allegedly injured party its otherwise

legitimate choice of the forum and time for suit, no declaratory judgment should issue.")).  Hanes noted that "[t]he anticipation of defenses is not ordinarily a proper use of the declaratory judgment procedure."  Hanes, 531 F.2d at 592-93.  To the extent that POM is seeking, in the current action, to resolve a defense, this court may decline to exercise jurisdiction to hear the action.  See Swish Mktg., 669 F. Supp. 2d at 80 (quoting Black's Law Dictionary (8th ed. 2004)).

In POM's answer to the FTC's administrative complaint, it raised several affirmative defenses including that the FTC does not have authority under the FTC Act, the APA, and the First and the Fifth Amendments of the U.S. Constitution to seek the proposed order and that the FTC is attempting to enforce a new standard on POM "without adequate notice to the public."  (Answer at 7, In the Matter of POM Wonderful, et al., No. 9344 (F.T.C. Oct. 18, 2010).)  In the instant action, POM is seeking a declaratory judgment on both affirmative defenses.  At least two of the four causes of action asserted in POM's declaratory judgment action are properly considered anticipatory defenses.

These and other Hanes factors militate against this court exercising its jurisdiction over POM's complaint for declaratory relief.  Courts should not allow parties to use the Declaratory Judgment Act to engage in forum shopping.  "Thus, in examining whether to resolve a declaratory judgment action, '[c]ourts take a dim view of declaratory plaintiffs who file their suits mere

days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum." Swish Mktg., 669 F. Supp. 2d at 78 (quoting AmSouth Bank v. Dale, 386 F.3d 763, 788 (6th Cir. 2004)).  Here, the FTC asserts that when POM filed its declaratory judgment action, it was aware that the FTC would soon file an administrative complaint against it.  (Def.'s Mem. at 5.)  As POM does not dispute this allegation, POM's conduct leaves the disfavored appearance that POM hastily filed the instant case, in part, to secure tactical leverage from proceedings in this forum.  Moreover, the administrative enforcement action has proceeded through discovery and oral arguments were scheduled.  (See Order Scheduling Oral Argument at 1, In re POM Wonderful LLC, et al., No. 9344 (F.T.C. June 21, 2012).)  Continuing this parallel matter would not aid in the orderly progress of resolving the parties' disputes.  Yielding here while the administrative action proceeds will not significantly prejudice POM.

## CONCLUSION

The relevant Hanes factors counsel against exercising jurisdiction over POM's declaratory action.  Therefore, the defendant's motion to dismiss will be granted.

A separate Order accompanies this Memorandum Opinion.

- 11 -

SIGNED this 30th day of September, 2012.

                                                            /s/

RICHARD W. ROBERTS
United States District Judge